## GEIGER v. GEIGER.

Ohio Supreme Court.

No. 20468. Decided Dec. 21, 1927.

Error to Licking Appeals.

Judgment affirmed.

957. PROBATE COURT—413. Divorce—291. Constitution Law.

1. Sec. 8, Art. IV, Ohio Const. authorizes the extension of jurisdiction of Probate Courts to divorce matters.

2. May be conferred to one or more counties, and not to others.

3. That part of 10496 GC. giving certain litigants the right to appeal from Probate to Common Pleas, is unconstitutional.

4. But that part of this section conferring the right to error proceedings, is valid, and not so inseparably connected with the appeals provision of the section as to void it.

5. Secs. 10494, 10495 and 10497 are also valid.

ALLEN, J.

1. Section 8, Article IV, of the Ohio Constitution, which provides that the "Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law," authorizes the Legislature to extend the jurisdiction of the Probate Court to divorce matters.

2. Under Section 8, Article IV, of the Ohio Constitution, jurisdiction may be given to the Probate Court in one or more counties which is not conferred in another or other counties.

3. That portion of Section 10496, General Code, which gives litigants in proceedings in divorce, alimony, partition and foreclosure of mortgages in the Probate Courts of certain counties therein named, the right to appeal from the Probate Courts in such counties to the Common Pleas Courts, is unconstitutional as being in conflict with Section 26, Article II, of the Ohio Constitution. (Wallace v. Leiter, 76 Ohio St., 185, approved and followed.)

4. That portion of Section 10496. General Code, which gives litigants in proceedings in divorce, alimony, partition and foreclosure of mortgages in the Probate Courts of certain counties therein named, the right to error proceedings from the Probate Courts of such counties to the Courts of Common Pleas, is a valid enactment, and is not so inseparably united with the appeal provision of Section 10496, General Code, that it is unconstitutional and void.

5. Sectons 10494, 10495 and 10497. General Code, are valid enactments, and not so inseparably united with the appeal provision of Section 10496 General Code, that they are unconstitutional and void.

(Marshall, CJ., Day, Jones and Matthias, JJ., concur.)

## SOUTHERN SURETY CO. v. STANDARD SLAG CO.

Ohio Supreme Court.

No. 20471. Decided Dec. 21, 1927.

Error to Hocking Appeals.

Judgment reversed.

968. PUBLIC BUILDINGS—167. Bonds of Contractor—1. The Act, 2365-1, 2, 3, 4, GC., as to bonds of contractors on public buildings and works, and 6947 GC., are to be read and construed together.

2. For road construction under Tit. 4, Chap. 6, pt. 2 GC. (6906 to 6956b.) contractor's bond to be equal to one-half the estimated cost and not less than one-half of contract price.

1104. STATUTES.

1. Attorney General's numbering of Code sections not significant in determining scope of legislation.

2. Two laws enacted at or about same time, to be construed so as to give effect to both.

1277. WORDS AND PHRASES.

Words "such action" in 2365-3 GC. as to commencing suit upon surety bonds not later than one year, apply to contractor's bond in a road improvement authorized in Title 4, Chap. 2, GC.

ROBINSON, J.

1. The provisions of the act now appearing in the General Code as Sections 2365-1, 2365-2, 2365-3 and 2365-4, and the provisions of Section 6947, General Code, are not in irreconcilable conflict, but can be and are to be read and construed together so as to give effect to both.

2. Where a road construction improvement is made under Title 4, Chapter 6, Part Second of the General Code, the contractor shall give bond in a sum equal to one-half the estimated cost of the work, which bond shall in no case be less than one-half of the contract price.

3. Where the legislature enacts a law and gives such law no code number or numbers, and the attorney general, in pursuance to his statutory duty, assigns to such law a general code number or numbers, such assignment of the number or numbers is not significant in determining the scope of such legislation.

4. The fact that two laws are enacted at or about the same time by the same session of the legislature does not alter the obligation of the courts to so construe the two laws as to give effect to both, if the same can reasonably be done.

5. The provision of Section 2365-3, General Code, "such action" (referring to suit upon the bond and against sureties) "to be commenced not later than one year from the date of the acceptance of said building, work or improvement," applies to a bond given by a contractor for an improvement authorized and provided for under Title 4, Chapter 6, Part Second of the General Code.

(Marshall, CJ., Allen and Matthias, JJ., concur. Jones, J., not participating.)